## YACKNOWITZ v. SPIRO.

(Supreme Court, Appellate Division, Second Department. June 8, 1906.)

ASSIGNMENTS—EFFECT—CONSIDERATION.

Where defendant contracted to assign to plaintiff for $1,550 a contract of purchase of land which he expected to procure, and $50 was paid as a deposit, and he procured the contract of purchase for $1,050, under which $50 was to be paid at the signing of the contract, $475 on the deed day, and $525 by the giving back of a purchase-money bond and mortgage at that time, and the defendant then assigned this contract to plaintiff for $1,075, agreeing to pay to the vendor the sum of $525, the obligation to make the payment of $475 was upon plaintiff.

Appeal from Municipal Court of New York.

Action for breach of contract by Harris Yacknowitz against Isaac W. Spiro. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, MILLER, and GAYNOR, JJ.

Arthur H. Cameron, for appellant.

GAYNOR J. 1. The defendant entered into a written agreement with the plaintiff on December 31, 1904, to assign to him a contract of purchase of three lots of land which the defendant expected to get of a third person. The price to be paid by the plaintiff was $1,550, of which $50 was paid as a deposit to be refunded if the contract was not got in seventeen days, $150 was to be paid on the delivery of the assignment, $400 on closing title with the vendor third person, and $950 by the giving of a bond and mortgage for that amount to the defendant on the plaintiff taking title of said vendor.

2. On January 3d the defendant got the contract of the vendor for the three lots at the purchase price of $1,050, $50 of which was paid at the signing of the contract, $475 was to be paid on the deed day and $525 by the giving back of a purchase-money bond and mortgage at that time.

3. On January 9th the plaintiff and the defendant entered into a written agreement by which the latter assigned the said contract of purchase to the plaintiff for $1,075 to be paid by the plaintiff to him, viz., $125 on the signing, and a purchase-money bond and mortgage for the balance of $950 to be given by the plaintiff to the defendant on the taking of title. The defendant agreed in the said instrument to pay to the said vendor the sum of $525 which the defendant had agreed in the contract of purchase with the said vendor to pay him by a purchase money bond and mortgage.

A recapitulation shows that by the first instrument (1) the plaintiff was to pay $1,550 for the assignment of the contract of purchase and the land, and that by the third instrument (3), the actual assignment of the contract, the defendant was to get only $1,075. But this was for the bare assignment, and left two payments of $475 and $525 (2) to be made to the vendor of the property on the deed day. The defendant agreed in the assignment to pay the one of $525, and nothing is said of the other. That ($475) was therefore for the plaintiff to pay. It, added to the $125 he had paid the defendant on getting the assignment, and the $950 for which he had to give him a bond and mortgage on the land, made up the total of $1,550 which he had agreed to pay for the assignment and the land in his preliminary agreement.

But on the deed day he refused to pay the said $475 and title was refused him. He sued the defendant for damages for a breach of contract for not paying it, and got judgment for $175, viz., the $125 he paid on getting the assignment and $50 he claims to have paid his counsel for examining the title. No other item was mentioned,.and as there was no complaint, oral or written, other than a so-called bill of particulars which gives no item or ground of damage, it is difficult to see on what basis the action was put. But it is enough that the plaintiff is the one who broke the contract and not the defendant, and judgment should have been for the defendant.

It will be observed that the foregoing figures making up the total of $1,550 at the end leaves out the $50 paid as a deposit by the plaintiff on the first agreement (1.) But he made no claim for that at the passing of the title nor on the trial; he simply refused to pay anything. claiming that the $1,075 was all that he had to pay, and that that was made up by the $125 paid in cash to the defendant and the mortgage for $950 which he had to give to the defendant. On the same principle, if he had paid the defendant by agreement only one dollar for the assignment, he could have claimed on the deed day that that was all he had to pay; that he did not have to pay the purchase price fixed by the contract.

The judgment should be reversed.

Judgment of Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.